# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOIE JOLEVARE

    and

SALOME TINKER

        Plaintiffs,

    v.

ALPHA KAPPA ALPHA SORORITY, INC.

        Defendant.

Case No. 1:05-cv-01982-RBW

Judge: Reggie B. Walton

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, hereby requests that Plaintiffs answer the following Interrogatories under oath and in writing pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

A.    Whenever in these interrogatories a request for information is framed in the conjunctive, the request should also be interpreted in the disjunctive, and vice versa, so as to interpret the request broadly, rather than narrowly. The singular of a noun should be interpreted as including the plural form, and vice versa.

A.    The term "communication" as used herein shall include all oral, visual, written, or other means of transmitting information or statements.

B.    The terms "you" and "your" as used herein shall refer to Plaintiffs Joie Jolevare and Salome Tinker and shall include all of your agents, servants, attorneys, consultants, representatives, and all other persons acting or purporting to act on your behalf.

C.     "Document" shall mean the original, or a copy of the original, if you do not possess the original, and all nonidentical copies of any medium upon which intelligence or information is recorded, or from which intelligence or information can be retrieved, regardless of original or present location or custody, including, but not limited to, papers, letters, telegrams, telexes, memoranda, notes, sound recordings, minutes, periodicals, magazines, newspapers, pamphlets, advertisements, articles, internal correspondence, reports, records, studies, contracts, statements, logs, audits, charts, legal instruments, declarations, filings, drafts, plans, diagrams, pictures, circulars, announcements, directives, schedules, specifications, standards, instructions, manuals, photographs, negatives, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer disks, computer tapes, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilms, accounts, budgets, journals, ledgers, bills, invoices, orders, bids, checks, receipts, and the like, whether handwritten, typed, printed, coded, tape recorded, photographed, or otherwise made, including information stored, made or maintained by electronic, mechanical or magnetic means.  The term "document" includes each and every draft, excerpt, revision, or amendment of the above.

D.     "Identify" or "identification," when used with reference to a natural person, shall mean, without limitation, to state each of the following:  (1) the person's full name; (2) the person's present address; (3) the person's present employer, title, and business address; and (4) the person's employer, title, substantive responsibilities, and business address during the period covered by the interrogatory in which such person's identification is requested.

E.     "Identify" or "identification," when used with reference to an entity other than a natural person, shall mean, without limitation, to state each of the following:  (1) the entity's full official name; (2) all other names, including any d/b/a(s) by which the entity is known; (3) the entity's

present business address(es) and telephone number(s); (4) business address and type of business or activities engaged in by the entity during the period covered by the interrogatory in which such entity's identification is requested.

F.    "Identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

G.    "Identify" or "identification," when used with reference to a document, shall mean to state each of the following: (1) a description of the nature of the document, (2) an identification of the person(s) who adhered or originated the document, (3) the person(s) to whom the document was sent, (3) an identification of the defendant(s) or other person(s) who has possession of the original document or a copy, and (4) (if the document has been or will be produced by you in this litigation) the identifying number stamped on the document.

H.    To the extent that you consider any of these interrogatories objectionable, respond to so much of each interrogatory as, in your view, is not objectionable. Separately identify that part or aspect of each interrogatory to which you object and each ground for such objection.

I.    If any documents responsive to any interrogatory herein or fairly comprised within the scope of the following interrogatories have been lost, destroyed, or are otherwise unlocatable or not presently within your possession, or are in the possession of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a

list of each document so lost, destroyed, unlocatable, or not within the possession thereof together with the following information:

1.    a description of such document;

2.    the date of origin;

3.    the author of the document;

4.    whether the document was lost, destroyed, unlocatable, or no longer within the possession thereof;

5.    the date upon which any such document was lost or destroyed;

6.    the substance of the document;

7.    the date on which the document was last seen where it was last seen and the identity of the person in whose possession the document was last seen;

8.    a brief statement of the manner in which any such document was lost or destroyed.

J.    If you claim privilege as a ground for failing to provide any information requested, respond to that part of each such interrogatory that, in your view, does not request allegedly privileged information or communications.  For each claim of privilege, describe the factual basis for your claim of privilege in sufficient detail to permit the court to adjudicate the validity of the claim, including without limitation, the following information:

1.    a brief description of the nature of the information;

2.    the name and title of each person who has knowledge of the information;

3.    a brief description of the subject matter of the information;

4.    the number of the interrogatory to which the information is responsive;

5.    if a document, the author, date, and recipient of such document.

# **INTERROGATORIES**

1.      As to the person(s) answering these Interrogatories, please state your full name(s), address, telephone number, date of birth, marital status and dates of any and all marriages, former names and social security number.

2.      Identify all persons who have given written or recorded statements concerning the subject matter of this litigation, state the date of each such statement, and identify the person taking the statement and its present custodian.

3.      Identify all persons with knowledge of the facts alleged in the Complaint, including, for each person, a description of such information, and identify all documents referring or relating to such information.

4.      With respect to your allegation that Plaintiffs were discriminated against, identify all acts and/or omissions by AKA which you contend violate the District of Columbia Human Rights Act.

5.      With respect to your allegation that AKA breached a contract, identify the contract(s) allegedly breached and set forth every provision of the contract(s) that AKA allegedly breached.

6.      With respect to your allegation that AKA is liable for defamation, identify the content of the defamatory statement(s), who made the statement(s), persons with knowledge about the statement(s) and identify any documents referring or relating to the statement(s).

7.      With respect to your allegation that AKA was negligent, identify the specific AKA policy and/or provision which was allegedly violated and identify any act(s) which you contend constitute negligence by AKA.

8.      Identify your responsibilities and duties in preparing newly initiated members of AKA for the campus introduction show as alleged in Paragraphs 25, 28 & 30 of the Complaint.

9.      Identify your roles and participation in the March 22, 2005 incident where newly initiated members of AKA were rehearsing in a parking lot, persons with knowledge about the rehearsal and all documents referring or relating to the rehearsal.

10.     Identify all persons who participated in the rehearsal with Alpha Chapter on March 22, 2005, the locations of said rehearsal and under whose authority the rehearsal was permitted by AKA.

11.     Identify all rehearsals that took place prior to March 22, 2005, all persons who participated in said rehearsals, the locations of said rehearsals and under whose authority the rehearsals were permitted by AKA.

12.     Identify any statements or admissions made by any member or agent of AKA regarding the allegations in the Complaint, including, but not limited to, the March 22, 2005 parking lot rehearsal, including with your Answer, the date and substance of same.

13.     Insofar as not already identified in your answers to other Interrogatories, identify each document upon which you rely in providing and preparing your answers to these Interrogatories and identify the custodian of each such document.

14.     State the names, addresses, and telephone numbers of each and every person whom you or your attorney expects to call as an expert witness at the trial of this matter, and state, exactly and in detail, with regard to each, the subject matter on which each is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each such opinion.

15.     Identify all persons you intend to call as witnesses in this action.

16.     Identify all documents that you intend to use as exhibits at the trial of this case.

17.    With respect to damages, itemize all amounts you are seeking to recover from AKA in this action, indicate the basis upon which you claim they are owed, how each item was calculated, persons with knowledge about these amounts and identify all documents that refer or reflect such amounts.

Respectfully submitted,

Thomas S. Schaufelberger, Bar No. 371934
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC  20015-2054
Telephone:  202-244-4668
Facsimile:  202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this _9th_ day of March, 2006, a true and correct copy of the

foregoing Defendant's First Set of Interrogatories to Plaintiffs was served via first-class United

States mail, postage prepaid, upon:


Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772

*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*


_____
Thomas S. Schaufelberger

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOIE JOLEVARE

    and

SALOME TINKER

        Plaintiffs,

    v.

ALPHA KAPPA ALPHA SORORITY, INC.

        Defendant.

Case No. 1:05-cv-01982-RBW

Judge: Reggie B. Walton

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, and requests that the Plaintiffs produce the following documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Pursuant to Rule 34, Plaintiffs shall serve a written response within 30 days after service of this Request. The documents are to be produced for inspection and/or copying, on or before the thirty-third day following the service of this request, at the Law Offices of Wright, Robinson, Osthimer & Tatum, 5335 Wisconsin Avenue, Suite 920 Washington, D.C. 20015.

## INSTRUCTIONS AND DEFINITIONS

A.      In accordance with Rule 34, your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the Request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

B.    In accordance with Rule 34, documents shall be produced as they are kept in the usual course of business, where you shall organize and label them to correspond with the categories of the Request.

C.    Pursuant to Rule 34, these Requests encompass all items within your possession, custody or control.

D.    Pursuant to Rule 34, these Requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

E.    If Plaintiffs decline to produce documents pursuant to a claimed privilege, work product immunity, or on the basis of some other objection, Plaintiffs shall list all such documents in chronological order, setting forth as to each document the following:

    1)    Date

    2)    Author(s)

    3)    Addressee(s)

    4)    Title

    5)    Type of document

    6)    Subject matter

    7)    Basis for the claimed privilege or objection

    8)    Identity of all persons to whom copies of such documents were sent or circulated.

F.    If in responding to these Requests you encounter any ambiguity in construing any requests, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

G.    The term "person" means any individual, partnership, firm, corporation, association, joint venture, business organization and other legal entity.

H.    As used herein, the terms "document" or "documents" means the original and any non-identical copy (whether different from the original because of notes made on or attached to

such copy or otherwise) of all written materials of any kind or nature relating to all the allegations of this lawsuit in the possession, custody or control of Plaintiffs or any of Plaintiffs' agents, employees or other third parties, including, without limitation, any letters, memoranda, reports, notes, correspondence, minutes of meetings, telegrams, financial records or notations of telephone or personal conversations or conferences, interoffice communications, tape records, contracts, charts, graphs, invoices or other documentary material of any nature whatsoever. The meaning of "document" or "documents" shall also be the same as that used in and defined in the Defendant's First Set of Interrogatories to Plaintiffs.

I.      As used herein, a document "referring to, relating to or concerning" a given subject matter, means a document that constitutes, embodies, comprises, reflects, discusses, identifies, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter, including, without limitation, documents concerning the presentation of other documents.

J.      As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal.

K.      The terms "all" and "each" shall be construed as all and each.

L.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope.

M.      The use of the singular form of any word includes the plural and vice versa.

N.      As used herein, the terms "you," "your," and "Plaintiffs," shall mean the Plaintiffs listed in the Complaint.

O.    All other terms shall have the same meaning as used in the Complaint, and/or Interrogatories unless provided otherwise.

## DOCUMENTS REQUESTED

1.    All documents relating to any matter set forth in your Complaint.

2.    All documents relating to or concerning any injury or damage you claim resulted from any matter set forth in your Complaint.

3.    All documents that support your claim for damages.

4.    All documents generated, created, and/or provided by any person with respect to any issue in this case.

5.    A *curriculum vitae* together with any other documents in your possession pertaining to the credentials and/or qualifications of each individual whom you may call as an expert witness in the trial of this matter.

6.    All documents and/or tangible things whose production has not been otherwise requested pursuant to any other item of these Requests which you intend to offer into evidence at the trial of this case.

7.    All documents and/or reports prepared by expert witnesses whom you intend to call at trial.

8.    All documents and/or tangible things whose production has not been otherwise requested pursuant to any other item of these Requests which are related to any Interrogatory propounded by Defendant.

9.    All documents reviewed, relied upon or referred to by you in answering Defendant's Interrogatories.

10.     All documents of any kind or nature that relate to or would support any claim against the Defendant as set forth in the Complaint.

11.     All notebooks referenced in Paragraph 42 of the Complaint.

12.     All executed contracts referenced in Paragraphs 55 and 56 of the Complaint.

13.     All documents referenced in your Complaint.

14.     All documents received from AKA referring to, relating to or concerning your suspensions from AKA.

15.     All documents referring to, relating to or concerning the March 22, 2005 parking lot rehearsal and and/or rehearsal(s) prior to March 22, 2005.

16.     All documents referring to, relating to or concerning your appeal of the suspensions from AKA.

17.     All exhibits which you intend to introduce at trial.


Respectfully submitted,


Thomas S. Schaufelberger, Bar No. 371934
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC 20015-2054
Telephone: 202-244-4668
Facsimile: 202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this _____ day of March, 2006, the foregoing Defendant's First

Set of Requests for Production of Documents was served via first-class United States mail,

postage prepaid, upon:


Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772

*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*



_____
Thomas S. Schaufelberger

6

# EXHIBIT 3



**SAUL EWING**
Attorneys at Law
A Delaware LLP

**Celebrating 85 years of service.**

Shannon H. Bates

Phone:  (202) 295-6603

Fax:  (202) 295-6703

sbates@saul.com

www.saul.com

June 2, 2006

**VIA FACSIMILE & REGULAR MAIL**

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

     Re:    <u>Jolevare, et al. v. Alpha Kappa Alpha Sorority, Inc.</u>; No. 1:05-cv-01982-RBW

Dear Mr. Bell:

     I write to follow-up on my voicemail to you of earlier today.  Recently you and Mr. Schaufelberger agreed to an extension of the deadline by which the parties were to serve their discovery responses on each other.  Accordingly, Defendant Alpha Kappa Alpha Sorority, Inc.'s ("AKA") responses were due on April 24, and your clients', Joie Jolevare and Salome Tinker (collectively "Plaintiffs"), responses were due on April 25.  AKA served its responses on Plaintiffs on April 24.

     To date, we have not received Plaintiffs' responses to AKA's interrogatories and document requests.  We request that Plaintiffs agree to provide us with their written responses to AKA's discovery requests by June 9.  Please confirm in writing – sent to us by facsimile - by close of business Monday, June 5, whether or not you intend to provide AKA with written discovery responses by June 9.  We consider this letter to satisfy any requirement(s) under the federal or local rules to seek the parties' consent to the relief requested prior to filing any motion.

     Sincerely,

     Shannon H. Bates

1025 Thomas Jefferson Street, N.W.  ◆  Suite 425 West  ◆  Washington, D.C.  20007
Phone: (202) 295-6600 ◆ Fax: (202) 295-6700

BALTIMORE    CHESTERBROOK    HARRISBURG    NEWARK    PHILADELPHIA    PRINCETON    WASHINGTON    WILMINGTON

A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT 4

## Bates, Shannon H.

**From:**    Bates, Shannon H.
**Sent:**    Tuesday, June 06, 2006 9:42 AM
**To:**      'jimbellesq@aol.com'
**Cc:**      Schaufelberger, Thomas S.
**Subject:** Jolevare, et al. v. Alpha Kappa Alpha Sorority, Inc.: Discovery Responses

Hello Mr. Bell:

I sent a fax and letter to you last week concerning our outstanding discovery requests.  We assume that you will provide us with discovery responses by June 9 as we requested.  If this is not the case, please contact me. Otherwise, we look forward to hearing from you.  Thank you.

Shannon H. Bates
Saul Ewing LLP
1025 Thomas Jefferson Street, NW
Suite 425W
Washington, DC 20007
(202) 295-6603
sbates@saul.com