IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, et al. : <br> : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> ALPHA KAPPA ALPHA : <br> SORORITY, INC. : <br> : <br> Defendant. : <br> : | Case No.: 1:05-cv-01982 (RBW) |

**PLAINTIFF JOLEVARE AND PLAINTIFF TINKER'S OPPOSITION TO DEFENDANT ALPHA KAPPA ALPHA SORORITY, INC.'S MOTION TO STRIKE AND MOTION FOR SANCTIONS**

COMES NOW Plaintiffs Joie Jolevare and Salome Tinker (collectively "Plaintiffs"), by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, PC, pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 37(b) and respectfully presents this Opposition to Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions. For Cause, Plaintiffs state as follows:

**FACTS**

1. This is an action by Plaintiffs against the sorority to which they belong, Defendant Alpha Kappa Alpha, Inc. ("Defendant"), for defamation, breach of contract, negligence and a violation of the D.C. Human Rights act as a result of Defendant's suspension of Plaintiffs.

2. On August 23, 2006, Defendant filed Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions (hereinafter "Defendant's Motion for Sanctions") on the grounds that Plaintiffs' response to Interrogatory

1

   No. 17 was deficient.

3. Defendant's Motion requests relief including, in part, "striking Plaintiffs' damages claim" and essentially dismissing Plaintiffs' entire claim. (*See* Defendant's Motion for Sanctions at 2).

## ARGUMENT

Defendant accuses Plaintiff of breaking this Courts rules, but does so while the Defendant completely flaunts the rules itself. Local Rule 7(m) requires that "[b]efore filing any dispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel . . . in a good-faith effort to determine whether there is any opposition to the relief sought and . . . to narrow the areas of disagreement." LCvR 7(m).

In the instant motion, Defendant states that Defendant "attempted to address Plaintiff's interrogatory responses with Plaintiff's counsel prior to filing this motion." (*See generally* Defendant's Motion for Sanctions). However, Defendant's counsel never made such an attempt, nor did Defendant ever mention any issues relating to Plaintiff's Response to Interrogatory No. 17 prior to filing the motion. In fact, when Plaintiffs' counsel received notice of the instant motion, Plaintiffs' counsel immediately sent correspondence reminding Defendant of this total failure to comply with the rules of this Court and utter lack of common courtesy to Plaintiffs' counsel.[1] (*See* Exhibit A, annexed hereto). In that correspondence, Plaintiff points out that "[Defendant has] never mentioned anything to [Plaintiffs' counsel] about the interrogatory response since you received them at the last hearing . . . [Defendant has] not attempted to address Plaintiff's interrogatory responses with Plaintiff's counsel prior to filing your motion." (*See* Id.)

---

[1] To date, Defendant's counsel has neither responded to Plaintiff's correspondence nor withdrawn its deficient motion.

2

Defendant's flaunting of Local Rule 7(m) is unfortunate, because Plaintiffs would have gladly complied with Defendant's request if Plaintiffs were given notice and the opportunity to do so.

Defendant claims to have "attempted to address Plaintiff's interrogatory responses with Plaintiff's counsel prior to filing this motion." (*See generally* Defendant's Motion for Sanctions). Rather, Defendant is attempting to mislead the Court. Plaintiff refers to Defendant's Motion to Compel Discovery, which was served on Plaintiffs *prior to* Plaintiff's discovery responses. Defendant cannot now claim that Defendant informed Plaintiffs that their discovery responses were insufficient before Defendant received them. The fact of the matter is that Defendant compelled Plaintiffs to respond to Defendant's discovery requests but now seek an entirely different basis for the instant motion – insufficiency of the compelled answers. It appears that Defendant trying to employ a thinly-veiled means to circumvent this Court's rules.

Despite Defendant's apparent bad-faith, Plaintiff has nonetheless provided Defendant with a Supplement to Interrogatory No. 17. (*See* Exhibit B, annexed hereto). This Circuit has held that in a discrimination case, a Plaintiff's testimony that she merely became "depressed, angry, and suffered a loss of self-esteem" is sufficient to support large compensatory damages. *See* Peyton v. DiMario, 287 F.3d 1121, 1126 (D.C. Cir. 2002) (finding that an award of $300,000 was appropriate where the only evidence to damages was Plaintiff's testimony that she suffered emotional injuries which affected her quality of life). Here, Plaintiff's cause of action, in part, arises under a violation of the D.C. Human Rights Act (discrimination) and Plaintiff's Supplement to Interrogatory No. 17 describes more than just mere emotional injury and thus both fulfills Defendant's

3

discovery requests and meets this Circuit's requirements for upholding compensatory damage awards.  Since Plaintiffs have now complied with Defendant's discovery requests (unless Defendant has still-undisclosed discovery problems), any discovery issues in the immediate case are moot.  As a result, striking Plaintiff's damages claim is neither necessary nor appropriate.

Even assuming *arguendo* that a sanction is merited, striking Plaintiffs' claim for damages is a draconian and harsh remedy in this case.  Before imposing a discovery sanction as severe as preclusion of evidence, the district court should consider a less drastic sanction. Bristol Petroleum Corp. v. Harris, 284 U.S. App. D.C. 59, 901 F.2d 165, 167 (D.C. Cir. 1990).  Moreover, when a discovery sanction denies a party the right to a trial on the merits, the district court must either make a finding supported by the record that the more severe sanction is necessary to avoid prejudice to the other party or to the court's calendar or to prevent a benefit to the non-responding party, or - if the sanction is based only on deterring future discovery misconduct - the more severe sanction must be supported by a finding of flagrant or egregious misconduct by the non-responding party. Bonds v. District of Columbia , 93 F.3d 801, 809 (D.C. Cir. 1996).

In factually similar circumstances, this Circuit has set aside excessive discovery sanctions when lesser measures were not considered. *See* Id. (reversing judgment for the plaintiffs and remanding for explanation as to why district court did not consider lesser sanctions in lieu of precluding all fact witnesses where defendant failed to timely respond to interrogatories requesting names of persons with relevant knowledge and subsequently providing an inadequate response); *see also* Grochal v. Aeration Processes, Inc., 797 F.2d 1093, 1098-99 (D.C. Cir. 1986) (holding that the plaintiff's responses to several

4

interrogatories concerning damages were not "so inadequate as to warrant exclusion of [plaintiff's] evidence of damages and, as a necessary consequence of such exclusion, dismissal of [plaintiff's] complaint").

Under this precedent, this Court must not take the harsh step of depriving Plaintiffs of their day in court, particularly when Defendant has failed to follow the Court's rules itself.

## CONCLUSION

In light of Defendant's failure to adhere to the most basic requirements of the Court's Rules, Plaintiff's good-faith compliance with Defendant's discovery request(s), and the legal precedent in this Circuit that disapproves of draconian and overly harsh sanctions, Plaintiffs respectfully petition this Court to deny Defendant's instant motion for sanctions.

                        Respectfully submitted

                        _____/s/_____
                        Jimmy A. Bell, Esq.
                        Law Office of Jimmy A. Bell, P.C.
                        9610 Marlboro Pike
                        Upper Marlboro, Maryland 20772
                        (301) 599-7620
                        (301) 599-7623 (FAX)
                        Bar No. MD 1463

**IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOIE JOLEVARE, et al.** | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Case No.: 1:05-cv-01982 (RBW)** |
| v. | : | |
| | : | |
| **ALPHA KAPPA ALPHA** | : | |
| **SORORITY, INC.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

In consideration of Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions, Plaintiffs' Opposition thereto, and in the interests of justice, Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions is hereby DENIED.

SO ORDERED this ____ of _____ 2006.

_____
US DISTRICT COURT JUDGE