**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOIE JOLEVARE<br><br>and<br><br>SALOME TINKER,<br><br>    Plaintiffs,<br><br>v.<br><br>ALPHA KAPPA ALPHA SORORITY, INC.,<br><br>    Defendant. | Civil Action No. 1:05-cv-01982-RBW<br><br>Judge: Reggie B. Walton |

## REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR SANCTIONS OF DEFENDANT ALPHA KAPPA ALPHA SORORITY, INC.

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, hereby responds to the Opposition filed by Plaintiffs to AKA's Motion to Strike and Motion for Sanctions (the "Motion"). Plaintiffs respond to AKA's Motion in two ways: first, Plaintiffs complain that AKA never complained about the response provided to Interrogatory 17 before the Motion was filed and, second, Plaintiffs belatedly provide a supplemental response to Interrogatory 17. Nothing in Plaintiffs' responses undercuts AKA's position that Plaintiffs' damages claim should be stricken.

As to the first contention of Mr. Bell, Plaintiffs' counsel—that AKA's Motion should not be considered because AKA did not first meet and confer with Plaintiffs—Plaintiffs ignore the procedure pursuant to which the Motion was filed. After Plaintiffs failed for several months to file any response at all to AKA's discovery requests, AKA moved to compel responses after having repeatedly contacted Plaintiffs' counsel about that failure. Without ever contacting the Court or AKA's counsel to indicate that they were coming, Plaintiffs' counsel appeared on the day of the hearing on the Motion to Compel with what were purported to be full and complete

responses to the discovery. Accordingly, the Motion to Compel was granted and the Plaintiffs were given an extension up to the date of the hearing to provide full and complete responses to the discovery requests. The Order granting the Motion to Compel also provided, "**Ordered** that the defendant may file an appropriate motion, including a motion for sanctions, if the responses to the discovery requests are not complete and accurate." It is pursuant to the Court's Order that the Motion has been filed.

Plaintiffs' assertions that their supplemental interrogatory responses somehow have now cured the defect with the original responses are equally unavailing. Plaintiffs have sued AKA for damages allegedly arising out of AKA's decision to suspend Plaintiffs from AKA because of their participation in a late night outdoor rehearsal that AKA determined constituted an activity involving hazing. Unhappy with AKA's determination, Plaintiffs initially appealed AKA's determination but, before that appeal could be acted upon, they filed this lawsuit seeking damages from AKA.

Not surprisingly, AKA sought to understand and defend against the damages claimed by Plaintiffs. Accordingly, AKA asked for an itemization of amounts Plaintiffs are seeking to recover from AKA, the basis upon which they are owed, how they were calculated, and persons with knowledge of and documents reflecting such amounts. Plaintiffs' first response was nonsensical and tied their damages to "the maximum allowed under the statute." Their supplemental response is similarly inadequate; it provides none of the information requested, stating:

> In response to the foregoing Interrogatory, Plaintiff states that, as a result of events and/or Defendant's actions and/or inactions described in the Amended Complaint, Plaintiff became depressed, angry, and suffered a loss of self-esteem. Plaintiff also states that Defendant's actions and/or inactions described in the Amended Complaint had a material effect upon her ability to perform her job

767086.1

2

and conduct her personal life. Plaintiff also states that Defendant's actions and/or inactions described in the Amended Complaint detracted from her quality of life, damaged her sorority relationships, and caused her to be wrongfully denied and/or excluded from conferences, activities, formal and informal meetings, and other social functions.

Thus, AKA still does not know what damages Plaintiffs seek in this action or the basis thereof. For these reasons, AKA's Motion to Strike and Motion for Sanctions should be granted and Plaintiffs' prayer for damages stricken from this action.

/s/
Thomas S. Schaufelberger, DC Bar No. 371934
Shannon H. Bates, DC Bar No. 480186
Saul Ewing LLP
1025 Thomas Jefferson Street, NW
Suite 425 West
Washington, DC 20007-5209
Telephone: 202-295-6600
Facsimile: 202-295-6700
*Counsel for Defendant Alpha Kappa Alpha Sorority, Inc.*

767086.1

3

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of September, 2006, a true and correct copy of the foregoing Reply in Support of Motion to Strike and Motion for Sanctions of Defendant Alpha Kappa Alpha Sorority, Inc. was served, via first-class United States mail, postage prepaid, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, Esq.
9610 Marlboro Pike
Upper Marlboro, MD  20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*


                                                            /s/
                                     Thomas S. Schaufelberger