IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOIE JOLEVARE, *et al.*,            )
                                    )
                                    )
         Plaintiffs,                )
                                    )   Case No. 1:05-cv-01982
    v.                              )
                                    )   Judge: Reggie B. Walton
ALPHA KAPPA ALPHA SORORITY,         )
INC.,                               )
                                    )
         Defendant.                 )

**DEFENDANT ALPHA KAPPA ALPHA SORORITY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND MOTION FOR SANCTIONS**

Defendant Alpha Kappa Alpha Sorority, Inc. ("Defendant" or "AKA"), by counsel, hereby opposes plaintiff Joie Jolevare and Salome Tinker's (collectively "Plaintiffs") motion for leave to amend their opposition to AKA's Motion to Strike, and Motion for Sanctions (the "Motion for Leave to Amend"). AKA states the following in support of its opposition:

1. On October 6, 2005, Plaintiffs filed their Complaint in this matter.

2. On March 9 2006, AKA served its First Set of Interrogatories and First Set of Requests for Production of Documents (the "Discovery Requests") on Plaintiffs. Plaintiffs' responses to AKA were due on April 11, 2006.

3. Prior to April 11, 2006, the Parties agreed to extend the deadline by which Plaintiffs would serve their responses to the Discovery Requests. By agreement, Plaintiffs' responses to the Discovery Requests were due on April 25.

4. As of June 15, Plaintiffs had not served AKA with discovery responses, nor had Plaintiffs responded to any of AKA's communications inquiring about same. Accordingly, AKA

filed a motion to compel discovery responses to its Discovery Requests against Plaintiffs on June 15.

5. On June 30, the Court entered an Order granting AKA's motion to compel discovery. The Court directed Plaintiffs to provide AKA with "complete and accurate" responses to AKA's Discovery Requests. The Order further provided that AKA could file an appropriate motion, including a motion for sanctions, if Plaintiffs' discovery responses were not "complete and accurate" as the Court instructed. A copy of the Court's June 30, 2006 Order is attached hereto as <u>Exhibit 1</u>. Plaintiffs filed the following response to Interrogatory 17, which inquired about any damages they have suffered:

> Plaintiff seeks the maximum under the statute for Violation of the District of Columbia Human Rights Act. Plaintiff seeks the maximum under the statute for Breach of Contract. Plaintiff seeks the maximum under the statute for Defamation. Plaintiff seeks the maximum under the statute for Negligence. Plaintiff seeks punitive damages which are to be determined by a jury. Ten Million Dollars (10,000,000) is speculative and shall be determined by a jury.

6. On August 23, pursuant to AKA's review of Plaintiffs' discovery responses and the Court's June 30 Order, AKA filed a Motion to Strike, and Motion for Sanctions against Plaintiffs regarding Plaintiffs' response to Interrogatory No. 17.

7. On September 5, Plaintiffs served AKA with supplemental responses to Interrogatory No. 17 of AKA's First Set of Interrogatories. Plaintiffs relied on these supplemental responses to represent to the Court that they "have now complied with Defendant's discovery requests []," and "any discovery issues in the immediate case are moot." (See Plaintiff Jolevare and Plaintiff Tinker's Opposition to Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions at p. 4).

8. On September 18, Plaintiffs served AKA with their Second Supplemental Responses to Defendant Alpha Kappa Alpha Sorority, Inc.'s First Set of Interrogatories. Despite

their previous assertions to the Court that they had provided AKA with complete and accurate responses to Interrogatory No. 17, Plaintiffs sought to add previously undisclosed information.

9. On September 28, Plaintiffs filed their Motion for Leave to Amend. Plaintiffs seek to file an amended opposition to AKA's Motion to Strike, and Motion for Sanctions. In their proposed amended opposition to AKA's Motion to Strike, and Motion for Sanctions, Plaintiffs rely on their Second Supplemental Responses to Defendant Alpha Kappa Alpha Sorority, Inc.'s First Set of Interrogatories to represent to the Court that they "have now complied with Defendant's discovery requests []," and "any discovery issues in the immediate case are moot." (Plaintiff Jolevare and Plaintiff Tinker's Amended Opposition to Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions at p. 4).

10. Plaintiffs' conduct with respect to describing the damages they are seeking in this action should not be permitted. Plaintiffs should have had a plain statement of their damages prepared when they filed suit a year ago, but they did not; they should have provided that information in the initial disclosures, but they did not; they should have provided that information in response to discovery requests which were due on April 25, but they did not; and, they should have provided that information in response to the Court's June 30 Order compelling discovery, but they did not. Instead, only after discovery is virtually completed, and only after AKA has had to move for sanctions, do Plaintiffs purport to provide any information regarding damages. This sort of gamesmanship should not be permitted.

WHEREFORE, for the foregoing reasons, AKA requests that the Court enter an order: 1) denying Plaintiffs' Motion for Leave to Amend; 2) imposing sanctions upon Plaintiffs for their misuse of the discovery process; and 3) granting AKA fees, and such other and further relief as this Court deems just and proper.

/s/
Thomas S. Schaufelberger, DC Bar No. 371934
Shannon H. Bates, DC Bar No. 480186
Saul Ewing LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
Telephone:  202-295-6609
Facsimile:  202-295-6709
*Counsel for Defendant Alpha Kappa Alpha  Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of October, 2006, a true and correct copy of Defendant Alpha Kappa Alpha Sorority, Inc.'s Opposition to Plaintiffs' Motion For Leave to Amend Their Opposition to Defendant's Motion to Strike and Motion for Sanctions, and proposed Order, were served via electronic filing, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

/s/
Thomas S. Schaufelberger

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1982 (RBW) |
| ) | |
| ALPHA KAPPA ALPHA ) | |
| SORORITY, INC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently before the Court is the defendant's Motion to Compel Discovery. For the reasons set forth during the June 29, 2006 motions hearing, it is hereby this 30th day of June, 2006,

**ORDERED** that the defendant's motion is **GRANTED**. It is further

**ORDERED** that the plaintiff shall respond to both the First Set of Interrogatories and the First Set of Requests for Production by June 29, 2006.[1] It is further

**ORDERED** that the defendant may file an appropriate motion, including a request for sanctions, if the responses to the discovery requests are not complete and accurate.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

---

[1] It is this Court's understanding that this obligation has now been satisfied.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALPHA KAPPA ALPHA SORORITY, INC.)<br>)<br>Defendant ) | Case No. 1:05-cv-01982-RBW<br><br>Judge Reggie B. Walton |

## **ORDER**

This matter is before the Court on plaintiffs Joie Jolevare and Salome Tinker's (collectively "Plaintiffs") Motion for Leave to Amend Plaintiff Jolevare and Plaintiff Tinker's Opposition to Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike and Motion for Sanctions (the "Motion").

Upon consideration of the Motion, and Defendant Alpha Kappa Alpha Sorority, Inc.'s ("AKA") opposition thereto,

It appearing to the Court that good cause exists to do so, it is

ORDERED that Plaintiffs' Motion is denied; it is

FURTHER ORDERED that Plaintiffs shall pay AKA the fees its counsel incurred in responding to the Motion.

Entered on this____ day of _____, 2006.

_____
Reggie B. Walton
United States District Court Judge