IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOIE JOLEVARE, *et al.*,            )
                                    )
                                    )
      Plaintiffs,           )
                                    )   Case No. 1:05-cv-01982
  v.                                )
                                    )   Judge: Reggie B. Walton
ALPHA KAPPA ALPHA SORORITY,         )
INC.,                               )
                                    )
      Defendant.            )

### DEFENDANT ALPHA KAPPA ALPHA SORORITY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Alpha Kappa Alpha Sorority, Inc. ("Defendant" or "AKA"), by counsel, hereby opposes plaintiff Joie Jolevare and Salome Tinker's (collectively "Plaintiffs") Motion to Compel (the "Motion"). Simply put, AKA provided information fully responsive to each of the disputed interrogatories, and that information is by no means deficient.

1. AKA served its responses to Plaintiffs' interrogatories on Plaintiffs on April 24, 2006.

2. On September 21, nearly five months after AKA replied to Plaintiffs' interrogatories, Plaintiffs sent a letter to AKA in which Plaintiffs took issue with certain of AKA's interrogatory responses.

3. On September 28, Plaintiffs filed their Motion. In their Motion, Plaintiffs contend that AKA's responses to Plaintiffs' Interrogatory Nos. 3, 5, 6, 8, 9, 10 and 13 are "deficient." AKA's responses to Plaintiffs' interrogatories are complete and accurate to the best of AKA's knowledge at this time.[1]

---

[1] Plaintiffs' counsel maintains that he spoke with AKA's counsel on September 22, and that AKA's counsel "stated that Plaintiff[s] would receive complete responses to Plaintiffs' discovery requests on or

4. AKA will address below each of the interrogatories with which Plaintiffs take issue:

**Interrogatory No. 3**

Plaintiffs assert that AKA's response to Interrogatory No. 3 is deficient because it does not identify the "undergraduate members present" on the days in question. However, Interrogatory No. 3 sought only information regarding persons "involved" in Plaintiffs' suspensions. The people involved in Plaintiffs' suspensions are those people AKA describes in its response; those persons who undertook the investigation and made the decision to suspend Plaintiffs. Plaintiffs' complaint is merely that AKA did not list each of the 137 sorors who happened to be present at the rehearsals but had no involvement in the investigation or decision to suspend Plaintiffs. Those sorors cannot fairly be described as being "involved" in Plaintiffs' suspensions. Moreover, regardless of the fact that the information Plaintiffs now seek is not what was requested in Interrogatory No. 3, AKA has already provided Plaintiffs with this information. During discovery, AKA provided Plaintiffs with a list of all the new initiates of Alpha Chapter in the Spring 2005, which included a list of those sorors present at the rehearsal on March 21 and 22. This list was produced to Plaintiffs as document DEF 00013 – DEF 00016.

---

before September 26, 2006." (Memorandum of Points and Authorities in Support of Plaintiff Jolevare and Plaintiff Tinker's Motion to Compel at ¶ 5) (the "Memorandum"). This is not true. Plaintiffs and all counsel met in person on September 22 for the depositions of Plaintiffs, but counsel did not speak about AKA's responses to Plaintiffs' interrogatories. For this reason, the Motion should be denied and AKA should be provided with an adequate amount of time to reply to Plaintiffs' stated discovery concerns.

**Interrogatory No. 5**

It is unclear to AKA on what basis Plaintiffs believe AKA's response to Interrogatory No. 5 is insufficient. Interrogatory No. 5 requests the "process" AKA employs when determining whether or not to suspend a soror. As AKA's response to Interrogatory No. 5 indicates, the answer to Plaintiffs' query can be found in AKA's (1) Anti-Hazing Handbook, "Say 'No' to Hazing" (the "Handbook"); (2) Constitution and Bylaws; and (3) Manual of Standard Procedure. Indeed, the Handbook, of which Plaintiffs have a copy, sets out the procedures. AKA provided Plaintiffs with additional copies of these documents during discovery as documents DEF 00117 – DEF 00222, and nothing would be gained by reprinting the text of these documents within the body of AKA's response. AKA has fully responded to Interrogatory No. 5.

**Interrogatory Nos. 6 & 8**

Interrogatory Nos. 6 and 8 seek the same information, and it is unclear to AKA on what basis Plaintiffs believe AKA's responses to these interrogatories are insufficient.[2] In response to Interrogatory Nos. 6 and 8, AKA provided Plaintiffs with the names of the people involved in Plaintiffs' suspensions and described what AKA's representation did in that regard. AKA recounts for Plaintiffs the investigation AKA conducted prior to suspending Plaintiffs, what AKA's investigation revealed, and the people with whom AKA consulted concerning Plaintiffs' suspensions. In sum, AKA provided Plaintiffs with the information they requested.

---

[2] In complaining about AKA's response to Interrogatory No. 6, Plaintiffs misquote their own interrogatory. Ms. Tinker and Ms. Jolevare's Interrogatory No. 6 actually requests AKA to "[p]lease explain in detail how you contend this process was followed in [] Plaintiff[s'] case[s]." AKA responds to Plaintiffs' concerns with AKA's responses to Interrogatory No. 6 under the assumption that Plaintiffs take issue with AKA's response to the true Interrogatory No. 6.

**Interrogatory No. 9**

AKA does not understand the concerns Plaintiffs have with AKA's response to Interrogatory No. 9, because AKA's response directly responds to the interrogatory. In response to Interrogatory No. 9, AKA recounts for Plaintiffs the investigation AKA conducted prior to suspending Plaintiffs, what AKA's investigation revealed (*i.e.* the activities AKA discovered had occurred and which they concluded constituted hazing), and the people with whom AKA consulted concerning Plaintiffs' and others' suspensions. In sum, AKA describes for Plaintiffs the facts upon which AKA determined that Plaintiffs and others had committed hazing, the conclusions AKA drew that Plaintiffs and others had committed hazing, and the result that AKA suspended Plaintiffs and others for hazing.

**Interrogatory No. 10**

Plaintiffs maintain that AKA's response to Interrogatory No. 10 is somehow insufficient.[3] AKA understood Interrogatory No. 10 to relate to Plaintiffs' suspensions. If Plaintiffs now seek to modify their interrogatory to request the identification of all sorors who have ever committed hazing within AKA, Plaintiffs object to this interrogatory on the grounds that it is vastly overbroad, unduly burdensome, not related to the claims and defenses of the parties, and unlikely to lead to the discovery of admissible evidence. Also, despite Plaintiffs assertion to the contrary and to the extent that those undergraduate sorors who were present at the rehearsals were "involved," AKA provided Plaintiffs with a list of all the new initiates of Alpha Chapter in the Spring 2005, which included a list of those sorors present at the

---

[3] It should be noted that Plaintiffs do not accurately quote AKA's responses to Interrogatory No. 10. See AKA's responses to Plaintiffs' Interrogatory No. 10 at Exhibits 1 – 2 attached hereto.

rehearsal on March 21 and 22. This list was produced to Plaintiffs as document DEF 00013 – DEF 00016.

### **Interrogatory No. 13**

Plaintiffs appear to take issue with AKA's responses to Interrogatory No. 13 because AKA does not include certain information about those individuals it identifies.[4] Specifically, Plaintiffs contend that AKA does not provide each individual's full name, race, business and residence address, telephone number, position and business affiliation, and job description and business affiliation at the time in question. (Memorandum at ¶ 14, p. 8).

First, AKA objected to providing this information for each individual it identified because the interrogatory is overly broad and unduly burdensome, in that the information requested is not relevant to the claims and defenses of the parties to this litigation. Second, AKA does provide Plaintiffs with each person's full name and position within AKA. Nonetheless, AKA will determine what additional responsive information, if any, it has concerning those individuals identified and will provide this information to Plaintiffs. AKA will not provide Plaintiffs with any personal information it may have about the individuals AKA identified, however, without the parties first entering into a confidentiality agreement.

WHEREFORE, for the foregoing reasons, AKA requests that the Court enter an order denying Plaintiffs' Motion to Compel.

---

[4] It should be noted that Plaintiffs do not accurately quote AKA's responses to Interrogatory No. 13. See AKA's responses to Plaintiffs' Interrogatory No. 13 at Exhibits 1 – 2 attached hereto.

        /s/
Thomas S. Schaufelberger, DC Bar No. 371934
Shannon H. Bates, DC Bar No. 480186
Saul Ewing LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
Telephone:  202-295-6609
Facsimile:  202-295-6709
*Counsel for Defendant Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of October, 2006, a true and correct copy of Defendant Alpha Kappa Alpha Sorority, Inc.'s Opposition to Plaintiffs' Motion to Compel, and proposed Order, were served via electronic filing, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

        /s/
Thomas S. Schaufelberger