**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOIE JOLEVARE

    and

SALOME TINKER

        Plaintiffs,

    v.

ALPHA KAPPA ALPHA SORORITY, INC.

        Defendant.

Case No. 1:05-cv-01982-RBW

Judge: Reggie B. Walton

### ALPHA KAPPA ALPHA SORORITY, INC.'S RESPONSE TO
### PLAINTIFF JOIE JOLEVARE'S INTERROGATORIES

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA"), by counsel, hereby responds to the First Set of Interrogatories propounded by Plaintiff Joie Jolevare ("Jolevare") as set forth below.

### GENERAL OBJECTIONS

AKA objects to the Interrogatories to the extent that they attempt to alter, amend, or augment what is required by the Federal Rules of Civil Procedure.

AKA objects to each interrogatory to the extent that it seeks the disclosure of information which is subject to the attorney-client privilege, joint defense privilege, the self-evaluative privilege/self-critical analysis privilege or other applicable privileges, or is protected from disclosure by the work product doctrine.

AKA objects to each interrogatory to the extent that it seeks the disclosure of trade secrets, and/or confidential commercial proprietary information.

AKA objects to each interrogatory to the extent it is vague and ambiguous.

AKA objects to each interrogatory to the extent it is overly broad, unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence.

<u>INTERROGATORIES</u>

<u>INTERROGATORY NO.1:</u>  Please state the full and correct name of the individual answering these Interrogatories.

        Response:      Joy Elaine Daley
                       North Atlantic Regional Director
                       Alpha Kappa Alpha Sorority, Inc.

<u>INTERROGATORY NO.2:</u>  Please describe in any and all facts you contend were relied upon when forming your decision to suspend Plaintiff Jolevare.

        Objection:     AKA objects to this Interrogatory as seeking information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs in this action are not permitted to challenge the propriety of AKA's implementation of its anti-hazing policy, nor to seek to convert this proceeding into an AKA appeal process which they waived by filing the instant lawsuit before allowing the appeal process to run its course pursuant to AKA policies and procedures.

        Response:      Subject to and without waiver of the foregoing objection, AKA states that at the North Atlantic Regional Conference in New York City on March 20, 2005, Ms. Joy Elaine Daley, North Atlantic Regional Director for AKA, was approached by a soror whose daughter was a new Alpha Chapter member.  She complained that her daughter was apparently being required to stay out late at night studying AKA history and rehearsing for a "show."  Ms. Daley asked the mother to gather more information regarding what was occurring.

On March 22, 2005 at 11:00 pm, the mother again contacted Ms. Daley with more information regarding the general location of the rehearsals. Ms. Daley immediately called Xi Omega Basileus Phyllis Young and Graduate Advisor Pamela Chew with instructions to go in search of the location where this event was taking place. In the early morning hours of March 23, 2005, Phyllis Young called Ms. Daley to report that the women were found at a warehouse parking lot and that the outside air temperature was about 35 degrees. It appeared that the graduate members were requiring the undergraduates to rehearse for a show despite the late hour and cold conditions. Ms. Daley instructed Ms. Young to have all undergraduate and graduate members present to sign their names on a sheet of paper.

Next, Ms. Daley began an investigation into the rehearsals. Such post-pledging activities were not to occur under AKA policy without the written authorization of Ms. Daley, as the Regional Director. She had never so authorized the rehearsals in question. With the assistance of Crystal Johnson, a member of the AKA Anti-Hazing Task Force, Ms. Daley interviewed several undergraduate and graduate members that participated in the parking lot rehearsal.

The investigation revealed, among other things, that graduate members – specifically, members of the Undergraduate Activities Committee – had run the Alpha Chapter meetings and, by doing so, unilaterally determined what activities would occur. The graduate members had purposely arranged the rehearsals on the same nights as post-initiation workshops, without written authorization from the Regional Director. The graduate members had also required undergraduate members to learn and/or recite AKA history and rehearse, either at the house or in the parking lot in question, in violation of AKA's anti-hazing policy.

3

Following the investigation, Daley recommended the suspension of the graduate members that participated in the in the parking lot rehearsals (Joie Jolevare, Salome Tinker, Kamilah Mohammed, Ashawntee Dingle, Karleen Roy, Miesha Darrough and Tamika McCormack), and Pamela Chew was recommended for expulsion. Daley reported her findings and recommendations to the Supreme Basileus, Linda M. White, who concurred. Next, Daley sent out letters communicating the decisions which notified the sorors of their right to appeal.

Plaintiffs Joie Jolevare and Salome Tinker did not fully exercise their rights of appeal. Instead, they chose to file the instant lawsuit before allowing the AKA appeal process to run its course.

INTERROGATORY NO.3: Please identify each and every person involved in any aspects of Plaintiff Jolevare's suspension, your response should include the role each person so identified played in the suspension of Plaintiff Jolevare.

Objection:    See objection to Interrogatory 2. AKA also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. AKA further objects to this Interrogatory on the grounds that it is vague and ambiguous.

Response:    Subject to and without waiver of the foregoing objections, to the best of AKA's knowledge, information and belief, and its understanding of this Interrogatory, the following persons were "involved" in Plaintiff Jolevare's suspension: AKA graduate members Salome Tinker, Joie Jolevare, Karleen Roy, Kamilah Mohhammed, Ashawntee Dingle, Miesha Darrough, Tamika McCormack and Alexandra Jones, as well as the AKA undergraduate members present at the rehearsals. Joy Elaine Daley, Crystal Johnson and Linda M. White were involved in the investigations and decision to suspend Ms. Jolevare.

Salome Tinker, Joie Jolevare, Karleen Roy, Kamilah Mohhammed, Ashawntee Dingle, Miesha Darrough and Tamika McCormack oversaw the rehearsals and provided information

4

when interviewed during the investigation. Various undergraduate members also provided

details about the rehearsals when interviewed during the investigation. Joy Elaine Daley and

possibly Crystal Johnson conducted the investigation into the rehearsals, and Linda M. White

and Joy Elaine Daley participated in the decision making process.

INTERROGATORY NO.4:  Please identify each and every policy and/or procedure relied upon
in making your determination to suspend Plaintiff Jolevare.

       Objection:      See objection to Interrogatory 2.

       Response:      Subject to and without waiver of the foregoing objection, AKA states that

the AKA anti-hazing policy, as detailed in the AKA Anti-Hazing Handbook, "Say 'No' to

Hazing," vests a Regional Director with the discretionary authority to resolve a complaint of

hazing in any manner consistent with the AKA Constitution and Bylaws and the Manual of

Standard Procedure without the appointment of fact finders.  In conducting the investigation and

making of subsequent decisions, Ms. Daley adhered to the guidelines and rules of the Anti-

Hazing Handbook, the AKA Constitution and Bylaws and the AKA Manual of Standard

Procedure.  She concluded that the graduate members, without authorization, had inappropriately

required the new members to attend rehearsals at inappropriate times and locations, and that such

conduct amounted to hazing.

       Ms. Jolevare's appropriate recourse, if she disagreed with the conclusions of the Regional

Director, was to pursue her rights of appeal pursuant to AKA policy and procedure.  Rather than

doing so, however, she chose to institute legal process and thereby waived her right to further

review.

INTERROGATORY NO.5:  Please describe in detail the process to be used when determining
whether or not to suspend a member of the Alpha Kappa Alpha Sorority.

Response:    See objection and response to Interrogatory 4.

INTERROGATORY NO.6:  Please explain in detail how you contend this process was followed in the Plaintiffs case.

Response:    See objections and responses to Interrogatories 2 and 4.

INTERROGATORY NO.7:  Please describe in detail any and all opportunities provided to the Plaintiff to produce evidence and/or rebut any of the allegations against her prior to your determination to suspend her.

Response:    During the investigation, Ms. Jolevare was interviewed and afforded an opportunity to explain her role in the activities at issue.  Moreover, the AKA Manual of Standard Procedure provides for an appellate process.  However, Plaintiff Jolevare filed the instant lawsuit before exhausting the AKA appeals process.

See also response to Interrogatory 4.

INTERROGATORY NO.8:  Please describe in detail any steps taken by you to investigate the activities and/or events alleged to have constituted the alleged hazing violation(s) for which Plaintiff Jolevare was suspended.

Response:    See objections and responses to Interrogatories 2 and 4.

INTERROGATORY NO.9:  Please describe in detail the results, facts, and/or conclusions drawn from each and every investigatory act identified in Interrogatory No. 8.

Response:    See objection and response to Interrogatory 2.

INTERROGATORY NO. 10:  Please identify each and every person alleged to have been involved in the activities and/or events alleged to have violated the AKA's anti-hazing policy, your response should include the age of each person identified and indicate whether or not said person is currently enrolled in a program of higher education.

Objection:    AKA objects to this Interrogatory on the grounds that it is vague and ambiguous.  See also objection to Interrogatory 2.

Response:    Subject to and without waiver of the foregoing objections, to the best of AKA's knowledge, information and belief, and its understanding of this Interrogatory, the following persons were "involved" in certain activities and events in violation of AKA policy: Graduate members Joie Joelvare, Salome Tinker, Pamela Chew, Karleen Roy, Kamilah Mohhammed, Ashawntee Dingle, Miesha Darrough, Tamika McCormack and Alexandra Jones.

Over one hundred undergraduate members were also "involved" to the extent they were required to participate in the rehearsals.  AKA is unaware of the ages of the persons involved.

INTERROGATORY NO. 11:  Please describe in detail why Plaintiffs Jolevare  and Tinker were the only persons suspended as a result of the alleged hazing activities.

Objection:    AKA objects to this Interrogatory on the grounds that it assumes a false premise: that Plaintiffs Tinker and Jolevare were the only persons suspended as a result of the hazing activities at issue.

INTERROGATORY NO. 12:  Please explain, in detail, why persons outside of Plaintiff's age and educational status were not subjected to a similar suspension.

Objection:    AKA objects to this Interrogatory on the grounds that it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence and that it is vague and ambiguous with regard to the phrases "outside of" and "educational status."

Response:    Subject to and without waiver of the foregoing objections, to the best of AKA's knowledge, information and belief, and its understanding of this Interrogatory,

suspensions were not based upon age or overall educational status, but based upon which persons

appeared to be responsible for requiring attendance at the "rehearsals."

INTERROGATORY NO. 13:  Identify each person who has personal knowledge of any facts
relating to the issues, claims or asserted defenses in this lawsuit, and describe fully the
knowledge each such person is believed to have, including, but not limited to, persons who
witnessed any occurrences described in the Complaint.

      Objection:     AKA objects to this Interrogatory on the grounds that it is overly broad

and unduly burdensome.

      Response:     Subject to and without waiver of the foregoing objection, see persons

named in response to Interrogatories 2, 3 and 10.

INTERROGATORY NO. 14:  Identify each fact witness that you intend to call at trial, and state
the substance of his/her anticipated testimony.

      Response:     Unknown at this time.

INTERROGATORY NO. 15:  Describe, in detail, every event or circumstance that you allege
rebuts any of the claims of the Complaint. Your response should include the substance of what
occurred (including identification of involved persons and their roles), the date, time, and
location of the event or circumstance and the identity of the persons who witnessed the event or
occurrence.

      Response:     See Answer and objections and responses to Interrogatories 2, 3, 4, 7, 11

and 12.

INTERROGATORY NO. 16:  State the precise facts upon which you base each and every one of
your defenses.

Response:     See Answer and objections and responses to Interrogatories 2, 3, 4, 7, 11

and 12.


INTERROGATORY NO. 17:  State the names and addresses of all persons from whom you have
written, signed or recorded statements.

Objection:     AKA objects to this Interrogatory on the grounds that it seeks information

that is protected from disclosure by the attorney/client privilege and/or the work product

doctrine.  AKA further objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Response:     Subject to and without waiver of the foregoing objections, other than

appeals from certain suspended members, AKA is aware of none.


INTERROGATORY NO. 18:  Please identify each person who has not previously been
identified in your answers to these Interrogatories who has any information pertaining to the
subject matter of this action, and summarize the knowledge possessed by each such person.

Response:     See objection and response to Interrogatory 13.


INTERROGATORY NO. 19:  Identify all persons who assisted you in the preparation of the
answers to these Interrogatories and all sources of information, including any documents,
consulted or referred to in the preparation of these answers.

Objection:     AKA objects to this Interrogatory on the grounds that it seeks information

that is protected from disclosure by the attorney/client privilege and/or the work product

doctrine.

Response:     Subject to and without waiver of the foregoing objection, other than

counsel, Ms. Joy Elaine Daley.  See also AKA Anti-Hazing Handbook, AKA Constitution and

Bylaws, AKA Manual of Standard Procedure, investigatory materials and appeals of certain

AKA members.

INTERROGATORY NO. 20:  State whether there exists an insurance agreement under which any person carrying on an insurance business might be liable to satisfy part or all of the Judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the Judgment, identify the insurance carrier(s) and the policy number(s), state the policy limits and attach copies of any such insurance agreement to your Answers.

Objection:    AKA objects to this Interrogatory on the grounds that it is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Response:    Subject to and without waiver of the foregoing objection, Travelers Insurance.  Policy information to be supplemented at a later date.

## VERIFICATION

I, Joy Elaine Daley, affirm I am an authorized agent of Alpha Kappa Alpha Sorority, Inc., and I verify the foregoing and am duly authorized to do so.

I declare under penalty for perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April ____, 2006.

_____

Joy Elaine Daley

Respectfully submitted,

Thomas S. Schaufelberger, Bar No. 371934
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC 20015-2054
Telephone: 202-244-4668
Facsimile: 202-244-5135

*Counsel for Alpha Kappa Alpha Sorority, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on this _2 4_ day of April, 2006, the foregoing Defendant's

Response to Plaintiff Joie Jolevare's Interrogatories was served via first-class United States mail,

postage prepaid, upon:


Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772

*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*


Thomas S. Schaufelberger