IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Case No.: 1:05-cv-01982 (RBW) |
| v. : | |
| ALPHA KAPPA ALPHA : | |
| SORORITY, INC. : | |
| Defendant. : | |

**PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF MS. DALEY FROM DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiffs Joie Jolevare and Salome Tinker (collectively "Plaintiffs"), by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, PC, pursuant to Fed. R. Civ. P. 12(f) and respectfully presents this Motion to Strike. For Cause, Plaintiffs state as follows:

**FACTS**

1. This is an action by Plaintiffs against the sorority to which they belong, Defendant Alpha Kappa Alpha, Inc. ("Defendant"), for defamation, breach of contract, negligence and a violation of the D.C. Human Rights act as a result of Defendant's suspension of Plaintiffs.

2. On November 7, 2006, a Joint Motion for Extension of Time to Depose Defendant and Joy Daley was filed.

3. On November 9, 2006, this Court entered an Amended Scheduling Order and

1



therein ordered that Ms. Daley be deposed on December 14, 2006.

4. To date, Defendant has failed to produce Ms. Daley for her deposition and in failing to produce Ms. Daley, violated this Court's Amended Order as entered on November 9, 2006.

5. On January 16, 2007, Plaintiffs filed their Motion for Summary Judgment.

6. On January 18, 2007 Defendant filed its Cross Motion for Summary Judgment, attaching as Exhibit 5 the Certification of Joy Elaine Daley in support of its Motion.

7. On January 29, 2007, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment also attaching this Certification of Ms. Daley as Exhibit 5 to its Opposition.

8. Despite this Court's November 9, 2006 Amended Scheduling Order, Plaintiffs have never been afforded the opportunity to depose Ms. Daley and therefore, have not had the opportunity to inquire into the facts and circumstances detailed in Ms. Daley's Certification.

## ARGUMENT

"The district court is delegated a good deal of discretion in making discovery orders and enforcing them with sanctions." Smith v. Schlesinger, 513 F.2d 462, 467 n.12 (D.C. Cir. 1975).  A district court may order sanctions, including a default judgment, for misconduct either pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to "protect [its] integrity and prevent abuses of the judicial process." Webb v. District of Columbia, 146 f.3D 964, 971 (D.C. Cir. 1998),



citing, Shepherd v. American Broadcasting Cos., Inc., 62 F.3d 1469, 1481 (D.C. Cir. 1995).  Sanctions imposed under Fed. R. Civ. P. 37(b)(2)(B) will be upheld upon review unless the trial judge has committed an abuse of that discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976).

On November 7, 2006, a Joint Motion for Extension of Time to Depose Defendant and Joy Elaine Daley was filed with this Court.  In said Motion, it was noted that both Plaintiffs and Defendant agreed to depose Ms. Daley on December 14, 2006. See generally, Motion for Extension of Time.  Then, on November 9, 2006, this Court entered an Amended Scheduling Order ordering that the deposition of Ms. Daley be held on the date agreed upon by both parties, namely, December 14, 2006.  Amended Scheduling Order dated November 9, 2006.  Never the less, despite having agreed to the deposition of Ms. Daley on December 14, 2006, having made said representations to this Court in the Joint Motion for Extension of Time, and having received notice of this Court's November 9, 2006 Amended Scheduling Order which ordered said deposition to be held on December 14, 2006, Defendant's failed to produce Ms. Daley for said deposition.

Plaintiffs subsequently filed their Motion for Summary Judgment on January 16, 2007.  Defendant then filed a Cross Motion for Summary Judgment on January 18, 2007 and its Opposition to Plaintiff's Motion for Summary Judgment on January 29, 2007.  Attached thereto is a Certification of Ms. Daley, which must be striken from both Defendant's Cross Motion and Defendant's Opposition as Defendant failed to produce Ms. Daley for the ordered deposition and Plaintiffs have not had the opportunity to inquire, via deposition, into the facts and circumstances detailed in Ms. Daley's



Certification.

Specifically, Defendant's assert that Ms. Daley, as the Regional Director of Defendant's organization at the time the events at issue occurred, "determined that Plaintiffs committed hazing pursuant to their role in the rehearsal at issue and recommended that Plaintiffs be suspended." Defendant's Cross Motion at 9.  Moreover, Ms. Daley's Certification claims that AKA subsequently suspended Plaintiffs based on her recommendations. Id.  Defendant also utilizes Ms. Daley's Certification as support for its assertion that Plaintiffs were suspended for their participation in "campus introduction show", alleged to have been held in the late evening of March 21, 2005 into the early morning of March 22, 2005, where the temperature was near freezing. Id. at 10.

Because Defendant has failed to abide by this Court's Amended Scheduling Order by failing to produce Ms. Daley for her deposition, Plaintiffs have been denied the opportunity of examination and cross-examination of Ms. Daley as the facts asserted in her Certification.  Moreover, Plaintiff has been denied the opportunity to inquire as to the facts and circumstances upon which Ms. Daley relied in her recommendation for Plaintiffs' suspension and thus, Plaintiffs are not able to effectively refute Ms. Daley's contention as Plaintiffs cannot cross examine a Certification.  Parties are entitled to fair disclosure of the issues and claims to be presented at trial. Cope v. McPherson, 781 f.2D 207, 209 (D.C. Cir. 1985).

In Cope, the Court of Appeals found that preclusion of testimony related to facts not disclosed in a party's trial brief, despite the obligations to do so according to the court's order, to be a reasonable sanction for the party's failure to comply with the court's order. Id. at 208; see also, G & R Corp. v. American Security & Trust Co., 523 F.2d


created using BCL easyPDF Printer Driver  
Click here to purchase a license to remove this image

1164, 1173 (D.C. Cir. 1975).   This Circuit has further held that "however innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure . . . . Parties failing to comply with discovery requests may be estopped from 'support[ing] or opposing designated claims or defenses." <u>Dellums v. Powell</u>, 566 F.2d 231, 235 (D.C. Cir. 1977).  In the instant case, like in <u>Cope</u>, Defendant has failed to abide by this Court's Amended Scheduling Order by failing to produce Ms. Daley on December 14, 2006, thereby preventing Plaintiffs from being able to effectively refute and/or address Ms. Daley's Certification by denying Plaintiffs the opportunity to inquire into the facts and circumstances surrounding the events detailed in Ms. Daley's Certification.  As such, this Court must strike Ms. Daley's Certification for Defendant's Cross Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

## CONCLUSION

In light of Defendant's failure to abide by this Court's Amended Scheduling Order and produce Ms. Daley for her deposition, which was to be held on December 14, 2006 per order of this Court, Plaintiff respectfully requests that this Court strike Ms. Daley's Certification from Defendant's Cross Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted

_____
Jimmy A. Bell, Esq.



Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (FAX)
MD Bar No. 14639

