IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:05-cv-01982 |
| v. ) | |
| ) | Judge: Reggie B. Walton |
| ALPHA KAPPA ALPHA SORORITY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ALPHA KAPPA ALPHA SORORITY INC.'S
MOTION TO STRIKE PLAINTIFFS' MOTION TO STRIKE
AFFIDAVIT OF MS. DALEY, OR ALTERNATIVELY, OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF MS. DALEY**

**Defendant Alpha Kappa Alpha's Motion to Strike Plaintiffs'
Motion to Strike Affidavit of Ms. Daley**

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA" or "Defendant"), by and through undersigned counsel, moves the Court to strike Plaintiffs' Motion to Strike Affidavit of Ms. Daley From Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment ("Motion to Strike"), and in support thereof states as follows.

AKA filed its cross-motion for summary judgment on January 18, 2007, to which the Certification of Joy Elaine Daley was attached. Pursuant to Local Rule of Civil Procedure 7(b), Plaintiffs were required to file any opposition to AKA's cross motion for summary judgment on or before January 29, 2007. Accordingly, any Motion to Strike Ms. Daley's certification, as part and parcel of any opposition, was due on or before January 29, 2007. However, Plaintiffs did not file any opposition to AKA's cross motion for summary judgment or any Motion to Strike by January 29, 2007. Indeed, they filed

no opposition of any type until February 20, 2007[1], and no motion to strike until February 26, 2007. Plaintiffs have neither received nor ever requested leave to file out of time. Accordingly, their late filings should simply be rejected as untimely and AKA's motion should be deemed unopposed.

Furthermore, because AKA filed its opposition to Plaintiffs' motion for summary judgment on January 29, 2007 -- to which the Certification of Joy Elaine Daley was attached -- Local Rule of Civil Procedure 7(d) required Plaintiffs to file any reply to AKA's opposition on or before February 5, 2007. Thus, Plaintiffs should have filed their Motion to Strike Ms. Daley's certification, as part and parcel of any reply, on or before February 5, 2007. However, Plaintiffs did not file their reply to AKA's opposition to Plaintiffs' motion for summary judgment until February 13, and their Motion to Strike until February 26, 2007. Again, both of these filings were late. Plaintiffs simply chose to disregard the time within which they could and should have taken issue with Ms. Daley's certification. They never sought AKA's consent or the Court's permission to any extension in which to file their papers out of time. Accordingly, they should be stricken for this reason as well.

### Defendant Alpha Kappa Alpha Sorority, Inc.'s Conditional Opposition to Plaintiffs' Motion to Strike Affidavit of Ms. Daley

Defendant AKA, in the alternative and by counsel, opposes Plaintiffs' Motion to Strike Affidavit of Ms. Daley From Defendant's Opposition to Plaintiffs' Motion for

---

[1] AKA has separately moved to strike Plaintiffs' late-filed opposition to AKA's motion for summary judgment. (See Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment, or Alternatively, Reply to Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment, filed on or about March 1, 2007).

Summary Judgment and Defendant's Cross Motion for Summary Judgment ("Motion to Strike).

I. **AKA Cannot Compel Joy Elaine Daley's Attendance for Her Deposition, and the <u>Court Did Not Order AKA to Produce Joy Elaine Daley for Her Deposition</u>**

Plaintiffs' Motion to Strike is purportedly based on the failure of AKA to produce a former Regional Director of AKA, Joy Elaine Daley, for her deposition. Simply put, AKA was never ordered to, nor could it if it wanted, compel Ms. Daley's attendance at her deposition. She not only resides in New York, but she is merely a voluntary member of AKA. It is not within AKA's power to compel her to do anything.

Moreover, Plaintiffs recognized that it is not within AKA's power to compel Ms. Daley's attendance at her deposition, as Plaintiffs took it upon themselves to subpoena her deposition. When Plaintiffs needed additional time to effect service of a subpoena upon Ms. Daley, AKA agreed to file with Plaintiffs a joint motion to allow the deposition of Ms. Daley to occur beyond the close of discovery. (<u>See</u> Joint Motion to Depose Defendant and Joy Elaine Daley Beyond the Close of Discovery ("Joint Motion")). In the Joint Motion, Plaintiffs represent to the Court:

> Plaintiffs have not yet been able to depose Joy Elaine Daley ("Ms. Daley") because they have not been able to effect service of a subpoena on Ms. Daley for her deposition. Upon information and belief, Plaintiffs have located Ms. Daley and she will be successfully served with a subpoena on or before November 30. 2006. . . . On November 7, 2006 the parties agreed, subject to the Court's approval, that Ms. Daley's deposition will occur on December 14, 2006. Accordingly, Plaintiffs intend to subpoena Ms. Daley's deposition to occur on December 14, 2006.

(Joint Motion at ¶¶ 5 and 7). The Court granted the Joint Motion on November 9, 2006 and entered a new scheduling order. (<u>See</u> November 9, 2006 Scheduling Order (the "Scheduling Order")).

After the Court entered the Scheduling Order, Plaintiffs' counsel represented to AKA's counsel in an email that "[t]he process server indicates that she has not been able to serve Ms. Daley with her subpoena to this point. We will continue to update you of their progress." (Email correspondence from Matt Walters to Shannon Bates, dated November 27, 2006. A copy of this correspondence, along with other emails related to the subpoena of Ms. Daley's deposition, is attached hereto as Exhibit 1.). Plaintiffs did not follow-up with AKA as to their efforts to serve Ms. Daley with a subpoena, and Ms. Daley's deposition was never taken.

Now, Plaintiffs incredibly rely on the Joint Motion and the Scheduling Order to aver that AKA was ordered to produce Ms. Daley for her deposition, and that AKA has run afoul of such an order. As discussed above, the Joint Motion does not state, nor does it imply, that AKA was to produce Ms. Daley for deposition. Neither does the Scheduling Order provide that AKA was to produce Ms. Daley for deposition. Indeed, it expressly provided that, "[b]ased on the parties' joint motion," "Joy Elaine Daley shall be deposed on December 14, 2006".

II. The Cases to Which Plaintiffs Cite Are Inapposite to This Litigation

Finally, the cases Plaintiffs cite in support have nothing to do with any situation remotely similar to this. See e.g., Cope v. McPherson, 781 F.2d 207 (D.C. Cir. 1986) (cited in Motion to Strike at p. 4) (Affirming trial court's refusal to allow plaintiff to testify about a specific incident in support of age discrimination claim, where the incident was not disclosed in response to defendant's interrogatories or in plaintiff's trial brief.); Dellums v. Powell, 566 F.2d 231 (D.C. Cir. 1977) (cited in Motion to Strike at p. 5) (Reversing trial court's order reinstating certain named class action plaintiff who was

previously dismissed for failure to respond to discovery, where particular plaintiff did not respond to interrogatories.); <u>G & R Corp v. American Security & Trust Co.</u>, 523 F.2d 1164, 1173 (D.C. Cir. 1975) (cited in Motion to Strike at pp. 4-5) (Affirming trial court's refusal to consider new defense raised after trial that was not based on newly-discovered facts or new case law.).

## CONCLUSION

Plaintiffs' Motion to Strike is without merit. AKA was not ordered to produce Joy Elaine Daley to be deposed, nor is it within AKA's power to produce Joy Elaine Daley to be deposed. Moreover, Plaintiffs filed their Motion to Strike out of time, without seeking AKA's consent to do so and without requesting the Court's permission to do so.

WHEREFORE, for the foregoing reasons, Defendant Alpha Kappa Alpha Sorority, Inc. respectfully requests that its motion to strike be granted and that Plaintiffs' Motion to Strike be stricken from the record in this matter.

                                       /s/
                            Thomas S. Schaufelberger, DC Bar No. 371934
                            Shannon H. Bates, DC Bar No. 480186
                            Saul Ewing LLP
                            2600 Virginia Avenue, NW
                            Suite 1000 – The Watergate
                            Washington, DC 20037
                            Telephone: 202-295-6600
                            Facsimile: 202-295-6700
                            *Counsel for Defendant Alpha Kappa Alpha*
                            *Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of March, 2007, a true and correct copy of the foregoing Defendant Alpha Kappa Alpha Sorority, Inc.'s Motion to Strike Plaintiffs' Motion to Strike Affidavit of Ms. Daley, or Alternatively, Opposition to Plaintiffs' Motion to Strike Affidavit of Ms. Daley, and proposed Order, were served, via electronic filing, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

                                                    /s/
                                    Thomas S. Schaufelberger