IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOIE JOLEVARE, et al.** : | |
| : | |
| Plaintiffs, : | |
| : | Case No.: 1:05-cv-01982 (RBW) |
| v. : | |
| : | |
| **ALPHA KAPPA ALPHA** : | |
| **SORORITY, INC.** : | |
| : | |
| Defendant. : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF MS. DALEY OR ALTERNATIVELY, OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF MS. DAILY**

COMES NOW Plaintiffs, Joie Jolevare, et al., by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C. and hereby submits this Opposition to Defendant's Motion to Strike Plaintiff's Motion to Strike Affidavit of Ms. Daley or Alternatively, Opposition to Plaintiff's Motion to Strike Affidavit of Ms. Daily.    For cause, Plaintiffs state as follows:

### ARGUMENT

I. **ACCORDING TO THE JOINT RULE 16.3 REPORT FILED WITH THIS COURT, BOTH PARTIES AGREED THAT ANY OPPOSITIONS TO SUMMARY JUDGMENT MOTIONS WOULD BE FILED 30 DAYS AFTER ANY MOTION FOR SUMMARY JUDGMENT WAS FILED, THUS PLAINTIFF'S OPPOSITION WAS TIMELY FILED.**

Defendant's Cross Motion for Summary Judgment was filed on January 18, 2007. Pursuant to the Rule 16.3 Report filed jointly by the instant parties, any opposition to any motion for summary judgment was to be filed 30 days from the date of the filing said motion for

summary judgment. As Defendant filed its Cross Motion for Summary Judgment on January 18, 2007, 30 days from that date would have been Saturday, February 17, 2007. According to Federal Rule of Civil Procedure 6(a): "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday…'legal holiday' includes…Washington's Birthday." Because the 30th day fell on a Saturday, and President's Day was observed the following Monday, February 19, 2007, Plaintiffs' Opposition was not due until February 20, 2007. Defendant admits and the docket demonstrates that Plaintiffs did, in fact, file their Opposition to Defendant's Cross Motion on February 20, 2007, therefore, Plaintiffs' Opposition was timely filed and Defendant's Motion to Strike must be denied.

II. **DEFNDANT CANNOT PROFFER THAT IT HAS NO KNOWLEDGE OF WHERE TO FIND A WITNESS AND SAY IT HAS NO CONTROL TO PRODUCE THE WITNESS AND THEM PRODUCE A STATEMENT FROM THAT WITNESS WHEN DISCOVERY CLOSES**

In October of 2006, Counsel for Defendant advised us that you do not have any information of Ms. Daley's whereabouts. On December 1, 2006 Plaintiff's counsel wrote the following letter of defendant's counsel:

**Via Electronic and First-Class Mail**
Thomas S. Schaufelberger

Saul Ewing, LLP
2600 Virginia Avenue, NW
The Watergate
Suite 1000
Washington, DC 20037

Re:   Jolevare and Tinker v. Alpha Kappa Alpha
      Civil No. 05-1982

Dear Mr. Schaufelberger,

> Please be advised that we have been attempting to serve Joi Elaine Daley with a subpoena to appear for a deposition on December 14, 2006. Our process server in Newburgh, New York has made twenty three (23) different attempts to serve Ms. Daley at her last known address, but has been unsuccessful in serving her.
>
> In or about October 2006, you advised us that you do not have any information of Ms. Daley's whereabouts. If you have further information regarding Ms. Daley, please advise.
>
> Please be advised that if we are unable to depose Ms. Daley, we intend to make a motion with the Court to disallow her as a witness at trial.
>
> If you have any questions regarding any of the above, please advise.
>
> Sincerely,
>
> Jimmy A. Bell, Esq. (Exhibit #1)

Defendant failed to provide any further information regarding Ms. Daley. Specifically, Defendant's assert that Ms. Daley, as the Regional Director of Defendant's organization at the time the events at issue occurred, "determined that Plaintiffs committed hazing pursuant to their role in the rehearsal at issue and recommended that Plaintiffs be suspended." Defendant's Cross Motion at 9. Moreover, Ms. Daley's Certification claims that AKA subsequently suspended Plaintiffs based on her recommendations. Id. Defendant also utilizes Ms. Daley's Certification as support for its assertion that Plaintiffs were suspended for their participation in "campus introduction show", alleged to have been held in the late evening of March 21, 2005 into the early morning of March 22, 2005, where the temperature was near freezing. Id. at 10. Because Defendant has failed to abide by this Court's Amended Scheduling Order by failing to produce Ms. Daley for her deposition, Plaintiffs have been denied the opportunity of examination and cross-examination of Ms. Daley as the facts asserted in her Certification. Moreover, Plaintiff has

been denied the opportunity to inquire as to the facts and circumstances upon which Ms. Daley relied in her recommendation for Plaintiffs' suspension and thus, Plaintiffs are not able to effectively refute Ms. Daley's contention as Plaintiffs cannot cross examine a Certification.

"The district court is delegated a good deal of discretion in making discovery orders and enforcing them with sanctions." Smith v. Schlesinger, 513 F.2d 462, 467 n.12 (D.C. Cir. 1975). A district court may order sanctions, including a default judgment, for misconduct either pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to "protect [its] integrity and prevent abuses of the judicial process." Webb v. District of Columbia, 146 f.3D 964, 971 (D.C. Cir. 1998), citing, Shepherd v. American Broadcasting Cos., Inc., 62 F.3d 1469, 1481 (D.C. Cir. 1995). Sanctions imposed under Fed. R. Civ. P. 37(b)(2)(B) will be upheld upon review unless the trial judge has committed an abuse of that discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976).

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that this Court deny Defendant's Motion to Strike Plaintiff's Motion to Strike Affidavit of Ms. Daley or Alternatively, Opposition to Plaintiff's Motion to Strike Affidavit of Ms. Daily and Defendant's Cross Motion for Summary Judgment.

Respectfully submitted,

                                             _/s/_____  
                                             Jimmy A. Bell, Esq.  
                                             Law Office of Jimmy A. Bell, P.C.  
                                             9610 Marlboro Pike  
                                             Upper Marlboro, Maryland 20772  
                                             (301) 599-7620  
                                             (301) 599-7623 (Fax)