IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, *et al.*,           ) | |
|                                    ) | |
|         Plaintiffs,                ) | |
|                                    ) | Case No. 1:05-cv-01982 |
|     v.                             ) | |
|                                    ) | Judge: Reggie B. Walton |
| ALPHA KAPPA ALPHA SORORITY,        ) | |
| INC.,                              ) | |
|                                    ) | |
|         Defendant.                 ) | |

### DEFENDANT ALPHA KAPPA ALPHA SORORITY INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA" or "Defendant"), by and through undersigned counsel, replies to plaintiffs Joie Jolevare and Salome Tinker's ("Plaintiffs") Opposition to Defendant's Motion to Strike Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment ("Plaintiffs' Opposition") as follows.

### I.  AKA Withdraws Its Contention That Plaintiffs' Opposition Was Not Timely Filed

Plaintiffs correctly noted that the Report on Discovery Planning Conference that the parties submitted to the Court on February 28, 2006 provides that oppositions to dispositive motions shall be filed within 30 (thirty) days of service. AKA filed its cross-motion for summary judgment on or about January 18, 2007. Plaintiffs filed their opposition on or about February 20, 2007. Plaintiffs' Opposition, therefore, was timely filed and AKA withdraws only its motion to strike Plaintiffs' Opposition.

## II. The District of Columbia Human Rights Act Does Not Govern AKA's Alleged Conduct Because It Is Not a Place of Public Accommodation

Plaintiffs rely on James v. Team Washington, Inc., CIV.A. 97-00378 TAF, 1997 WL 633323, (D.D.C. Oct. 7, 1997) to suggest that AKA is a place of "public accommodation" and is, therefore, governed by the District of Columbia Human Rights Act (the "DC HRA:"). AKA, however, is a private, voluntary, social organization that is not open to the general public. (See Certification of Evelyn Sample-Oates ("Sample-Oates Cert."), at ¶ 2, a copy of which is attached to AKA's Motion to Strike Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment, or Alternatively, Reply to Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment ("Motion the Strike") as Exhibit 1). It is comprised of African-American women who have sought and attained membership therein. (See id.). Significantly, AKA is *not* "a commercial enterprise that operates from a single location and sells goods and services to the general public." See James, 1997 WL 633323, at * 2 (determining that Defendant was such an enterprise and was, therefore, governed by the DC HRA as a place of public accommodation).

Further, Plaintiffs' reliance on AKA's stated platform of the programs it intends to institute, or has instituted, does not support Plaintiffs' argument that AKA is a place of public accommodation. Again, AKA is a private, voluntary, organization. (See, Exh. 1 to AKA's Motion to Strike, Evelyn Sample-Oates Cert., at ¶ 2). It provides, or hopes to provide, services to its members and to certain members of the "community". Plaintiffs have failed to provide any evidence or cite to any authority that supports the notion that a private, voluntary, organization that may or does provide such services somehow converts that private organization into a place of public accommodation pursuant to the DC HRA. In fact, organizations whose primary function is to render community service, for example, distinctly are *not* places of public accommodation. See United States Jaycees v. Bloomfield, 434 A.2d 1379, 1381 (D.C. 1981).

-3-

AKA is not a place of "public accommodation" as defined in the DC HRA, and Plaintiffs' claim based on the public accommodation provision of the DC HRA fails as a matter of law.  See D.C. Code Ann. § 2-1401.02(24) (stating that a "[p]lace of public accommodation" does "not include any institution, club or place of accommodation which is in its nature distinctly private . . . ."); see also Samuels v. Rayford, No. 91-0365, 1995 U.S. Dist. LEXIS 21798, at * (D.D.C. April 10, 1995) (stating that in order to be a place of public accommodation it must "(1) be a place; and (2) be public, not private, in nature.  In the words of the statute, it must be a place that accommodates the public.").

### III.    Conclusion

Plaintiffs cannot rely on James v. Team Washington, CIV.A. 97-00378 TAF, 1997 WL 633323, (D.D.C. Oct. 7, 1997), to support their argument that AKA is a place of public accommodation.  James is simply inapposite to the instant case.  Further, that AKA may provide services to targeted community members does not revive Plaintiffs' argument.

WHEREFORE, for the foregoing reasons, Defendant Alpha Kappa Alpha Sorority, Inc. respectfully requests that its cross motion for summary judgment be granted and that this matter be dismissed in its entirety.

         /s/_____
        Thomas S. Schaufelberger, DC Bar No. 371934
        Shannon H. Bates, DC Bar No. 480186
        Saul Ewing LLP
        2600 Virginia Avenue, NW
        Suite 1000 – The Watergate
        Washington, DC  20037
        Telephone:  202-295-6600
        Facsimile:  202-295-6700
        *Counsel for Defendant Alpha Kappa Alpha Sorority, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of March, 2007, a true and correct copy of the foregoing Defendant Alpha Kappa Alpha Sorority, Inc.'s Reply to Plaintiffs' Opposition to Defendant's Motion to Strike Plaintiffs' Opposition to Defendant's Cross Motion for Summary Judgment, and proposed Order, were served, via electronic filing, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

         /s/_____
        Thomas S. Schaufelberger