IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOIE JOLEVARE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:05-cv-01982 |
| v. ) | |
| ) | Judge: Reggie B. Walton |
| ALPHA KAPPA ALPHA SORORITY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ALPHA KAPPA ALPHA SORORITY INC.'S
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF MS. DALEY,
OR ALTERNATIVELY, OPPOSITION TO PLAINTIFFS' MOTION TO
STRIKE AFFIDAVIT OF MS. DALEY**

Defendant Alpha Kappa Alpha Sorority, Inc. ("AKA" or "Defendant"), by counsel, replies to plaintiffs Joie Jolevare and Salome Tinker's ("Plaintiffs") Opposition to Defendant's Motion to Strike Plaintiffs' Motion to Strike Affidavit of Ms. Daley, Or Alternatively, Opposition to Plaintiffs' Motion to Strike Affidavit of Ms. Daley ("Plaintiffs' Opposition") as follows.

**I.   Plaintiffs' Opposition Was Not Timely Filed**

Plaintiffs correctly noted that the Report on Discovery Planning Conference that the parties submitted to the Court on February 28, 2006 provides that oppositions to dispositive motions shall be filed within 30 (thirty) days of service. While true, this does not aid Plaintiffs in their argument. AKA filed its cross-motion for summary judgment on or about January 18, 2007. Plaintiffs, therefore, were to file any opposition by February 20, 2007. Plaintiffs, however, did not file their Opposition until February 26, 2007. Plaintiffs have neither received

nor ever requested leave to file out of time. Accordingly, their late filing should simply be rejected as untimely and AKA's motion should be deemed unopposed.

Furthermore, because AKA filed its opposition to Plaintiffs' motion for summary judgment on January 29, 2007 -- to which the Certification of Joy Elaine Daley was also attached -- the Report on Discovery Planning Conference required Plaintiffs to file any reply to AKA's opposition on or before February 13, 2007. Thus, Plaintiffs should have filed their motion to strike Ms. Daley's certification, as part and parcel of any reply, on or before February 13, 2007. However, Plaintiffs did not file their motion to strike until February 26, 2007. Again, this filing was late. Plaintiffs simply chose to disregard the time within which they could and should have taken issue with Ms. Daley's certification. They never sought AKA's consent or the Court's permission to any extension in which to file their motion to strike out of time. Accordingly, it should be stricken for this reason as well.

## II.    Plaintiffs Mischaracterize the Correspondence Between Counsel Concerning Any Deposition of Ms. Daley

For the reasons discussed in AKA's motion to strike Plaintiffs' motion to strike the certification of Joy Elaine Daley, AKA was not ordered to nor can it produce Joy Elaine Daley for deposition. Further, AKA's inability to produce Ms. Daley does not change because Plaintiffs' counsel purportedly sent correspondence to AKA's counsel on December 1, 2006, stating that Plaintiffs would seek to disallow Ms. Daley's testimony at trial if Plaintiffs were not able to depose Ms. Daley. AKA's counsel has no record of receiving such correspondence electronically or otherwise.

Regardless, Plaintiffs' Opposition wholly mischaracterizes Plaintiffs' statements concerning Plaintiffs' attempts to depose Ms. Daley. Plaintiffs' counsel repeatedly indicated that they were aware of Ms. Daley's whereabouts, and took it upon themselves to produce her for her

deposition. In fact, Plaintiffs' counsel requested at one point that Ms. Daley's deposition be continued to a later date because of counsels' inability to obtain a court reporter for the noticed date, *not* because Plaintiffs could not determine where Ms. Daley is located. Indeed, on November 2, 2006, Plaintiffs' counsel stated in email correspondence to AKA's counsel that, "[p]ursuant to our conversation yesterday, and due to the unavailability of a Court Reporter on November 8, 2006 in Newburgh, NY, we were interested in taking the deposition(s) of the 30(b)(6) witness and Ms. Daley on one of the late November and December dates you provided yesterday." (See email from Matt Walters to Shannon H. Bates, dated November 2, 2006, a copy of which is attached hereto as Exhibit 1.). Thus, Plaintiffs not only knew where Ms. Daley was located (in Newburgh, New York) but had apparently obtained service upon her. (See also, various email correspondence between counsel reflecting that Plaintiffs' counsel knew Ms. Daley's whereabouts, copies of which are attached hereto as Exhibit 2.). Accordingly, not only did Plaintiffs claim to have Ms. Daley's address, but Plaintiffs put off her deposition because of the absence of a court reporter. In any event, AKA did nothing to prevent Plaintiffs from deposing Ms. Daley.

Plaintiffs have cited no authority for the proposition that the certification of a witness must be struck because the opposing party did not depose the witness. Plaintiffs consistently indicated that they knew Ms. Daley's whereabouts. Plaintiffs now should not be allowed to strike Ms. Daley's certification because Plaintiffs did not ultimately depose Ms. Daley.

### III. Conclusion

Plaintiffs' motion to strike the certification of Joy Elaine Daley should be stricken or denied as untimely filed. Moreover, even if Plaintiffs' motion to strike the certification of Joy Elaine Daley was timely filed, it lacks merit. Plaintiffs indicated to AKA's counsel that

Plaintiffs knew Ms. Daley's whereabouts. Nonetheless, Plaintiffs did not depose Ms. Daley. This is not the fault of AKA and AKA should not be penalized for Plaintiffs' failure to depose Ms. Daley.

WHEREFORE, for the foregoing reasons, Defendant Alpha Kappa Alpha Sorority, Inc. respectfully requests that its motion to strike Plaintiffs' motion to strike the certification of Ms. Daley be granted, or alternatively, that Plaintiffs' motion to strike the certification of Ms. Daley be denied.

/s/
Thomas S. Schaufelberger, DC Bar No. 371934
Shannon H. Bates, DC Bar No. 480186
Saul Ewing LLP
2600 Virginia Avenue, NW
Suite 1000 – The Watergate
Washington, DC  20037
Telephone:  202-295-6600
Facsimile:  202-295-6700
*Counsel for Defendant Alpha Kappa Alpha Sorority, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 29th day of March, 2007, a true and correct copy of the foregoing Defendant Alpha Kappa Alpha Sorority, Inc.'s Reply to Plaintiffs' Opposition to Defendant's Motion to Strike Plaintiffs' Motion to Strike Affidavit of Ms. Daley, Or Alternatively, Opposition to Plaintiffs' Motion to Strike Affidavit of Ms. Daley, and proposed Order, were served, via electronic filing, upon:

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD  20772
*Counsel for Plaintiffs Joie Jolevare and Salome Tinker*

/s/
Thomas S. Schaufelberger