IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOIE JOLEVARE, et al.,** | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:05-cv-01982 |
| v. | ) | |
| | ) | **Judge: Reggie B. Walton** |
| **ALPHA KAPPA ALPHA SORORITY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINITFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Plaintiffs, by counsel and pursuant to Federal Rule of Civil Procedure 54(d), Local Civil Rule 54.1, and Section 1920 of Title 28 of the United States Code, submit the following objections to Defendant's bill of costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54 allows for taxation of costs against a non-prevailing party. Rule 54(d) provides that "[e]xcept when express provision herefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. Rule Civ. P. 54(d)(1). Local Civil Rule 54.1 sets forth a specific list of costs that the Clerk "shall tax" if "requested to do so in the bill of costs." See LCvR 54.1(d). Costs ordered are subject to review by the Court, which may, "for good cause shown[,] . . . deny costs allowed by the Clerk pursuant to [LCvR 54.1(d)]." LCvR 54.1(e); see also Fed. R. Civ. P. 54(d)(1) ("On motion served within 5 days [after costs are taxed by the clerk], the action of the clerk may be reviewed by the court.").

**OBJECTIONS**

(1)     Plaintiffs object to the $1,087.50 Defendant seeks as the cost of Plaintiffs' depositions. Defendant has not provided any documentation regarding the standard rate of the reporter, nor the cost per page of said depositions. In fact, Defendant has not provided any information whatsoever as to how Defendant arrived at this amount. As such, this Court must deny Defendant's request. LCvR 54.1(d)(6) (allowing costs at the reporter's standard rate). Although Defendant has attached the affidavit of Thomas Schaufelberger, said affidavit does not provide any details as to costs incurred, rates at which said costs were incurred, whether said costs are being billed at a standard rate, and/or how said costs were incurred.

(2)     Again, Plaintiffs object to the $302.50 sought by Defendant for Ms. Sample-Oates deposition. Defendant again has completely failed to provide any documentation or basis for the amount sought, thus costs must be denied. Id.

(3)     Plaintiff objects to all costs sought, totaling $196.75, in reference to copies allegedly made by Defendant. Defendant has not offered any documentation or basis for the chosen rate of $0.25 cents, which is substantially higher than any standard copying rates available to the public at businesses such as Kinko's, which generally charges a copying rate of $0.10 per page. Moreover, Defendant is not entitled to compensation for copies which Defendant maintained itself and as all filings were made electronically, any copies sent to Plaintiffs were duplicative of those filed with the Court and likewise, Defendant should not be entitled to compensation for said copies.

>   (a)     Plaintiff objects to the $9.75 Defendant seeks regarding copies allegedly made on 6/14/06 & 6/15/06. Defendant does not identify what was copied, the number of pages purportedly copied, nor does Defendant explain why an

2

    additional set of copies needed to be sent to Plaintiffs' counsel given the fact that documents are filed electronically.

    (b)    Plaintiff objects to the $16.50 Defendant seeks regarding copies allegedly made on 8/23/06.  Defendant does not identify what was copied, the number of pages purportedly copied, nor does Defendant explain why an additional set of copies needed to be sent to Plaintiffs' counsel given the fact that documents are filed electronically.

    (c)    Plaintiff objects to the $90.25 Defendant seeks regarding copies allegedly made on 12/6/06.  Defendant does not identify what was copied, the number of pages purportedly copied, whether said copies were necessary, nor whether said copies were used in any relation to any pleadings, motions, hearings, or otherwise during the course of litigation.

    (d)    Plaintiff objects to the $43.75 Defendant seeks regarding copies allegedly made on 1/18/07.  Defendant does not identify what was copied or the number of pages purportedly copied.

    (e)    Plaintiff objects to the $33.75 Defendant seeks regarding copies allegedly made on 1/30/07.  Defendant does not identify what was copied or the number of pages purportedly copied.

    (f)    Plaintiff objects to the $2.75 Defendant seeks regarding copies allegedly made on 3/09/07.  Defendant does not identify what was copied or the number of pages purportedly copied.

(4)    Plaintiffs objects to the $300.00 Defendant seeks in regards to copying costs incurred other than those specified above.  Again, Defendant has not offered any

documentation or basis for the chosen rate of $0.25 cents, which is substantially higher than any standard copying rates available to the public at businesses such as Kinkos. Moreover, Defendant does not identify what said amount represents, what was copied, the purposes of said copies, how said copies were used during the course of litigation, or how Defendant claims to be entitled to said costs.  Without such information, this Court cannot determine if Defendant is entitled to said costs, thus they must be denied. Local Civil Rule 54.1 permits copying costs for "those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk." LCvR 54.1(d)(8).

      WHEREFORE, Plaintiffs respectfully request that the Court deny costs in the amount of $1,886.75 as sought by Defendant.

Respectfully submitted,

_____
Jimmy A. Bell, Esquire
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (fax)
Bar # MD 14639
Counsel for Plaintiff